# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____
)
**HAILEIGH HILDRETH,**            )
                                  )
     **Plaintiff,**        )   Civil Action No.
                                  )   19-12355-FDS
    v.                     )
                                  )
**CAMP PLANNER INTERNATIONAL**    )
**USA CORP.,**                    )
                                  )
     **Defendant.**        )
_____)

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO REMAND

SAYLOR, J.

    This is a product liability lawsuit. Plaintiff Haileigh Hildreth has filed suit against defendant Camp Planner International USA Corporation, asserting claims under state law.

    According to the complaint, in July 2018, Hildreth used a hammock that had its straps manufactured by Camp Planner. She alleges that the hammock was set up improperly, leading its straps to break while she was laying in it. She fell to the ground and broke a bone in her back.

    Hildreth filed the complaint in the Superior Court on August 12, 2019. On November 15, 2019, Camp Planner removed the case to this court based on diversity jurisdiction.

    Hildreth has moved to remand the case to the Superior Court on the ground that the amount in controversy does not exceed $75,000. For the following reasons, the motion will be granted.

**I.**    **Background**

    **A.**    **Factual Background**

The facts are stated as set forth in the complaint.

Haileigh Hildreth is a resident of Burlington, Massachusetts. (Compl. ¶ 1).

Camp Planner International USA Corporation is a California corporation with a principal place of business in California. (*Id.* ¶ 2).

According to the complaint, on July 15, 2018, Hildreth was camping in Fort Ann, New York. (*Id.* ¶ 3). While camping, she used a Field & Stream Double Hammock. (*Id.*). The hammock's straps were manufactured by Camp Planner. (*Id.*).

It is unclear who set up Hildreth's hammock, but it appears to have been done improperly. The complaint alleges that the hammock was set up between two trees, but its "straps were not properly positioned around said trees" because the "loops to the straps were facing the trees." (*Id.* ¶ 5). This caused the straps to break. (*Id.*).

According to the complaint, Hildreth was laying in the hammock when its straps broke. (*Id.* ¶ 6). She fell to the ground and broke a bone in her back. (*Id.*).

B.     **Procedural Background**

On August 12, 2019, Hildreth filed this action in the Superior Court. The complaint alleges that Camp Planner is liable for its "failure to provide the user of the hammock with clear and concise instructions as to how to attach the straps to trees as well as [its] failure to warn of the danger of not properly attaching said traps." (*Id.* ¶ 10). It also alleges that as a result of these failures, Hildreth "was severely, permanently, and grievously injured"; that she suffered and will continue to suffer "pain of body and mind"; that she "did spend and will continue to spend great sums of money" on medical care; and that she had suffered loss of earning capacity. (*Id.*).

Attached to the complaint was a civil cover sheet. (Pl. Mot., Ex. B). In that civil cover sheet, she stated that her total money damages were $58,900.40—$8,900.40 for medical expenses and $50,000 for pain and suffering. (*Id.*).

On October 22, 2019, Camp Planner was served with a summons and a copy of

Hildreth's complaint. (Notice of Removal ¶ 2, Ex. B). On November 15, 2019, it removed the action to this court, alleging diversity jurisdiction under 28 U.S.C. § 1332.

On December 5, 2019, Hildreth moved to remand the matter to the Superior Court.

## II.     Legal Standard

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

A case removed from state court must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The removing defendant bears the burden of demonstrating the subject-matter jurisdiction of the federal court. *Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999). "The removal statute is strictly construed, and any doubts about the propriety of removal are resolved in favor of remand to the state forum." *In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig.*, 76 F. Supp. 3d 321, 327 (D. Mass. 2015).

## III.     Analysis

Defendant contends that this Court has diversity jurisdiction over this case. As set forth in 28 U.S.C. § 1332(a)(1), diversity jurisdiction exists only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. . ." The parties here are diverse; the only question is whether the amount-in-controversy requirement has been satisfied.

Under 28 U.S.C. § 1446(c)(2), if the plaintiff's complaint "demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014) (quoting 28 U.S.C. §

1446(c)(2)).

Here, the complaint itself does not allege a specific amount of damages. The civil cover sheet specifies damages of $58,900.40—$8,900.40 for medical expenses and $50,000 for pain and suffering. (Pl. Mot., Ex. B). But "civil cover sheets are inherently imprecise, and the extent of a civil cover sheet's role in determining the amount in controversy is not settled in this Circuit." *Toro v. CSX Intermodal Terminals, Inc.*, 199 F. Supp. 3d 320, 324 (D. Mass. 2016). Accordingly, the Court will assume that while "a civil cover sheet may provide evidence of the amount in controversy, it is not in itself dispositive." *See Williams v. Toys "R" Us – Del., Inc.*, 2016 WL 5723588, at *1-2 (D. Mass. Sep. 28, 2016) (internal quotations omitted); *see also Laughlin Kennel Co. v. Gatehouse Media Inc.*, 202 F. Supp. 3d 178, 180 (D. Mass. 2016).

"When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee*, 574 U.S. at 84. A defendant's "amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87. But if the plaintiff contests that allegation, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88.

Defendant's notice of removal does not specifically state the amount in controversy, but it contends that the amount exceeds $75,000. Plaintiff contests that allegation. "Therefore, the court must weigh the proof submitted by both sides and decide, by a preponderance of evidence, whether the amount in controversy requirement is met." *Williams*, 2016 WL 5723588, at *2.

The only evidence in the record supports plaintiff's claimed amount in controversy. First, she seeks to recover her past medical expenses, which she has stated are $8,900.40. (Pl. Mot., Ex. B). In addition, she seeks damages for pain and suffering, which she has stated are

$50,000. (*Id.*, Ex. B). Those two categories of damages—medical expenses and pain and suffering—thus add up to no more than $58,900.40.

By contrast, defendant has offered no evidence to support its claimed amount in controversy. Instead, it simply contends that plaintiff's recovery "could exceed well over the $75,000 threshold" because the complaint includes claims for additional categories of damages, such as future medical expenses and lost earning capacity. (Notice of Removal ¶¶ 8-9). It is true that if plaintiff actually suffered a loss of future medical expenses or lost earning capacity, her recovery could very well exceed $75,000. But defendant has not offered any evidence of that. *Compare Williams*, 2016 WL 5723588, at *2 (estimating plaintiff's lost wages based on affidavit submitted by defendant). Perhaps more importantly, plaintiff has expressly represented that she "has made a full recovery, did not have any lost wages, nor was she totally disabled." (Pl. Mot. at 2). Based on that representation, it is difficult to see how plaintiff has any claim at all for future medical expenses or lost earning capacity, much less a claim for more than $16,099.60, the additional amount necessary to reach the statutory threshold.

Under the circumstances, the Court finds by a preponderance of the evidence that plaintiff is not claiming more than $75,000 in damages, and that therefore the amount-in-controversy requirement has not been met. Put another way, it is more likely than not that the amount in controversy falls below the jurisdictional threshold. Remand to the Superior Court is therefore appropriate.

## IV. Conclusion

For the foregoing reasons, plaintiff's motion to remand is GRANTED. This matter is hereby REMANDED to the Superior Court.

**So Ordered.**

                                                           /s/ F. Dennis Saylor IV
                                                           F. Dennis Saylor IV
Dated: December 19, 2019                       United States District Judge